UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ACCESS 4 ALL, INC., a Florida Non Profit :
Corporation, and NELSON M. STERN, :
Individually, :
: **SCHEDULING ORDER**
         Plaintiffs, :
: Case No. 1:09-cv-02447-SAS
vs. :
: Conference Date: May 14, 2009
WBWS HIGHGATE PHOTEL, L.L.C., a New :
York Limited Liability Company, :
:
         Defendant. :
------------------------------------------------------------x :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/09

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed.R.Civ.P. 16(b) on April 23, 2009 [D.E. 4] (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    (1)    the date of the conference and the appearances for the parties;

    **The Initial Pre-Trial Conference is being held on Wednesday, May 14, 2009.**

    **In appearance:**

    **Nelson M. Stern, Esq., Attorney for Plaintiff, Access 4 All, Inc.**
    **Felicia Sue Ennis, Esq., Attorney for Defendant, WBWS Highgate Photel, LLC**

    **Telephonically:**

    **Lawrence A. Fuller, Esq., Attorney for Plaintiffs, Access 4 All, Inc. and Nelson M. Stern**

    (2)    a concise statement of the issues as they then appear;

        (a)    Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

        (b)    Whether the removal of any such barriers is required or is readily

achievable.

(c) Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

(d) Whether the Plaintiffs are entitled to attorneys' fees and costs for this action.

(3) a schedule including:

(a) the names of persons to be deposed and a schedule of planned depositions;

*[handwritten: aug 10 Sept 30]*

1) It is anticipated the Plaintiff will depose the corporate representative of the Defendant with the most knowledge regarding (1) ADA complained; (2) construction and improvements made to the Defendant's facility since 1992; (3) financial status of the Defendant; and (3) Defendant's experts, if any.

2) Defendant intends to depose witnesses in accordance with the Federal Rules of Civil Procedure and the Local Rules, including but not limited to, Plaintiff, expert witnesses, if any, designated by the plaintiff, and such other witnesses discovered in the course of the discovery process. Defendants reserve the right to object to Plaintiffs' deposition requests.

(b) a schedule for the production of documents;

*[handwritten: Initial disclosures — May 22]*

1) Service of Interrogatories and Document Requests *[handwritten: June 12]* ~~July 6,~~ 2009.; Response to Interrogatories and Document Requests by *[handwritten: July 13]* ~~August 6, 20~~09 Plaintiff will seek inspection of the premises under Rule 34, including photographing with the Rule 34 premises inspection request and will file a Request for Production of documents, but in no event later than 33 days prior to any fact discovery, cut off agreed to by the parties or ordered by the Court.

2) Defendant intends to use requests for production or inspection in the manner authorized by the applicable rules at the appropriate time or times, but in no event later than 33 days prior to any fact discovery cut off agreed to by the parties or ordered by the Court. Defendants reserve their right to object to Plaintiffs' requests or the admissibility of evidence at the time of trial.

(c) dates by which (i) each expert's reports will be supplied to the adverse

{00434301.DOC;1}

side and (ii) each expert's deposition will be completed;

**Disclosure of Expert Reports:** ~~Oct~~ *Oct 19*
  **Plaintiffs:** November ~~10~~, 2009  *nov. 13*
  **Defendant:** December ~~10~~, 2009

**Deposition of Plaintiffs' Expert:** ~~January 18, 2010~~  *Dec. 18*

(d)   time when discovery is to be completed;

~~March 8, 2010~~   *Jan. 11*

(e)   the date by which plaintiff will supply its pre-trial order matters to defendant;

~~April 12, 2010~~   *Jan. 29*

(f)   the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

~~April 12, 2010~~   *Feb. 11*

(g)   a space for the date for a final pre-trial conference pursuant to Fed.R.Civ. P. 16(d), to be filled in by the Court at the Conference.

_____   (leave blank)

(4)   a statement of any limitation to be placed on discovery, including any protective or confidentiality orders;

> **Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29.**

(5)   a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;
      **None.**

(6)   anticipated fields of expert testimony, if any;

{00434301.DOC;1}

On or before the dates set forth in the above table for disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

The parties may supplement in accordance with Fed.R.Civ.P.26(e).

(7)     anticipated length of trial and whether to court or jury;

**Estimated Length of Trial is 3 days.**

**Non-Jury Trial**

(8)     the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9)     names, addresses, phone numbers and signatures of counsel;

**Counsel for Plaintiffs**
**Fuller, Fuller & Associates, P.A.**
Lawrence A. Fuller, Esq. (LF 5450)
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Telephone: (305)891-5199
Facsimile: (305)893-9505

By: _____
    Lawrence A. Fuller, Esq.

**Counsel for Defendant**
**Robinson, Brog Leinwand Greene**
**Genovese & Gluck, PC**
1345 Avenue of the Americas–31st Floor
New York, NY 10105
Telephone: (212) 603-6300
Facsimile: (212) 956-2164

By: _____
    Felicia Sue Ennis, Esq.

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

{00434301.DOC;1}